UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RALPH F. CESENA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. EDCV 06-955 FFM<br><br>MEMORANDUM DECISION AND ORDER |

　　　　Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on September 8, 2006, the parties filed a joint stipulation detailing each party's arguments and authorities on May 7, 2007. The Court has reviewed the administrative record ("AR"), filed by defendant on March 16, 2007, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /
/ / /
/ / /
/ / /

PROCEDURAL HISTORY

On June 3, 2004, plaintiff filed an application for Supplemental Security Income. Plaintiff alleged a disability onset of November 1, 2002. Plaintiff's claims were denied initially and on reconsideration. Plaintiff timely requested a hearing by an administrative law judge ("ALJ"). ALJ Joseph D. Schloss held a hearing on March 14, 2006. Plaintiff appeared with counsel and testified at the hearing. On May 8, 2006, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on July 10, 2006.

Plaintiff then filed a complaint with this Court.

CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the ALJ properly developed the record.

2. Whether the ALJ accepted jobs that are inconsistent with plaintiff's residual functional capacity assessment.

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the

Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A.  Development of the Record

Plaintiff refers to a notation made by his wife in a "Work History Report," dated July 12, 2004. (AR 130-37.) In "Section 3 - Remarks" plaintiff's wife apparently hand wrote the following:

> "Im just letting you know, Im Ralph Cesena wife Cynthia Haro, Im the one who has to fill out all the paper work for my husband, as he cannot do it on his own. He's been in special classes when he attended elementary thru high school, so he needs my help with all the paper work he receive. And we didnt get these paper until the 8th of July so it hasnt been 10 day's yet."

(AR 137)

Plaintiff maintains that this notation along with a statement by plaintiff that he attended special education classes[1] required the ALJ to conduct an investigation into plaintiff's mental capacity. Plaintiff further contends that he raised the issue at the hearing by testifying as to "an inability to do math, or read."

Thus plaintiff's contention comprises four elements:

(1) An inability to fill out forms;

(2) placement in special education classes;

(3) an inability to read; and

---

[1] In a form entitled Disability Report-Adult-Form SSA-3368, dated July 2, 2004, plaintiff stated that he had attended special education classes in high school for one year. He identified the "Type of Program" as "Math, reading, writing etc. I spent most of my day in one class whereas other students had multiple classrooms with multiple teachers." (AR 121-22).

      (4)   an inability to perform mathematical calculations.

First, the unsworn, unsigned statement that plaintiff required assistance in filling out the claim forms does not provide any evidence of an impairment. Secondly, plaintiff's statement that he was placed in special education classes for one year in high school fails to provide evidence of any specific learning disability. Thirdly, the record contains no support for the contention that plaintiff cannot read. Plaintiff's actual testimony was to the effect that he "can't even read . . . without glasses." (AR 343.) With respect to any generalized mental impairment, plaintiff did not contend that his impairments involved any mental disability. "An ALJ cannot be responsible for diagnosing a problem that a claimant decides not to pursue." *Mayes v. Massanari*, 276 F. 3d 453, 463 (9th Cir. 2001).

Remaining is plaintiff's assertion at the hearing that he doesn't "know how to do mathematics. [He doesn't] know anything about math. Addition [he knows] very limited too." (AR 343.)

The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented, as in this case. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d at 459-60 (citing *Tonapetyan*, 242 F.3d at 1150).

The ALJ did not specifically address plaintiff's allegation that he does not know how to perform mathematical calculations. The ALJ did note, however, various problems with plaintiff's credibility. Plaintiff provided conflicting testimony regarding his last use of heroine; plaintiff claims to have been participating in drug rehabilitation, but was unable to provide either the address or name of the facility he

claimed to frequent; although the ALJ provided plaintiff with 24 hours after the hearing to provide information regarding plaintiff's participation in drug rehabilitation, and warned plaintiff that his failure to respond would damage his credibility, plaintiff failed to provide any such information. Nonetheless, the ALJ did not mention plaintiff's alleged inability to perform mathematical calculations. Under these circumstances, to the extent the jobs identified by the vocational expert ("VE") require the capability to perform mathematical calculations, the ALJ should have developed the record as to plaintiff's capabilities. However, to the extent these jobs do not require mathematical calculations, there was no need to develop the record further. Thus, ultimately a resolution of claim one depends upon the requirements of the occupations listed by the VE.

B. <u>The Residual Functional Capacity Required to Perform the Jobs Listed by the VE</u>

The ALJ found that plaintiff has a residual functional capacity ("RFC") to:

> "[L]ift twenty pounds occasionally and 10 pounds frequently, stand and walk for 2 hours out of a 8-hour work day, and sit for 6 hours out of an 8-hour work day. He cannot climb ladders, but he can climb stairs. He requires an air conditioned working environment. He cannot work at unprotected heights or with machinery."

(AR 13-14.)

The ALJ also found that plaintiff has a limited education, is able to communicate in English, and does not posses skills that are transferrable to other jobs within his remaining residual functional capacity. (AR 19.)

The VE testified that representative occupations at the light exertional level that plaintiff could perform included bench assembler (DOT 726.684-018), sewing machine operator (DOT 639.281-018), and receptionist (DOT 237-367-018).

///

Plaintiff contends that the jobs identified are incompatible with plaintiff's RFC.

First, plaintiff contends that the ALJ found plaintiff limited to sedentary work. However, the ALJ's finding (i.e., lift 20 pounds occasionally and 10 pounds frequently, stand and walk for two hours out of an eight hour work day, and sit for six hours out of an eight hour work day) are consistent with light work. Moreover, when provided these limitations by the ALJ, the VE testified that those limitations entailed "unskilled, light" work. (AR 339-41).

Plaintiff next contends that two of the occupations require work with and around machinery and that the third requires the ability to perform mathematical calculations. Plaintiff points to the definitions contained in the dictionary of occupational titles to support his contention as to the requirements of the jobs identified by the VE. Respondent asserts that the VE could have been referring to specific jobs that do not require all of the capabilities listed in the DOT. However, the VE did not suggest that he was not relying on the DOT definitions. On the contrary, the VE testified that the jobs he listed were consistent with the DOT. (AR 338). Thus, remand is necessary for the VE to clarify the apparent inconsistency between plaintiff's RFC and the DOT definitions of the jobs listed by the VE. Upon remand, the ALJ also must either include plaintiff's alleged inability to perform mathematical calculations in the RFC or more fully develop the record with respect to plaintiff's abilities in this regard.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

DATED: March 10, 2008                    /S/ Frederick F. Mumm
                                         FREDERICK F. MUMM
                                         United States Magistrate Judge